1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    WALTER CABE, III,

8                    Plaintiff,                    NO: 13-CV-0164-TOR

9         v.                                       ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR SUMMARY
10   CAROLYN W. COLVIN, Acting                     JUDGMENT
     Commissioner of Social Security
11   Administration,

12                   Defendant.

13

14        BEFORE THE COURT are the parties' cross-motions for summary

15   judgment (ECF Nos. 15 and 16).  Plaintiff is represented by Lora Lee Stover.

16   Defendant is represented by Sarah L. Martin.  This matter was submitted for

17   consideration without oral argument.  The Court has reviewed the administrative

18   record and the parties' completed briefing and is fully informed.  For the reasons

19   discussed below, the Court grants Defendant's motion and denies Plaintiff's

20   motion.


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

2   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

3   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4   404.1520(b); 416.920(b).

5        If the claimant is not engaged in substantial gainful activities, the analysis

6   proceeds to step two.  At this step, the Commissioner considers the severity of the

7   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

8   claimant suffers from "any impairment or combination of impairments which

9   significantly limits [his or her] physical or mental ability to do basic work

10  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

11  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

12  however, the Commissioner must find that the claimant is not disabled.  *Id.*

13       At step three, the Commissioner compares the claimant's impairment to

14  several impairments recognized by the Commissioner to be so severe as to

15  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

16  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

17  severe than one of the enumerated impairments, the Commissioner must find the

18  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

19       If the severity of the claimant's impairment does meet or exceed the severity

20  of the enumerated impairments, the Commissioner must pause to assess the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age,

education and work experience.  *Id.*  If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."   20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 15, 2008, his alleged onset date.   Tr. 20.   At step two, the ALJ found Plaintiff suffered from the severe impairments of:  idiopathic scoliosis; cervical degenerative disc disease; lumbar degenerative disc disease with facet arthropathy; headaches/aseptic meningitis; carpel tunnel syndrome; plantar fasciitis; right inguinal hernia status post repair; right elbow degenerative joint disease; cognitive disorder, not otherwise specified; epicondylitis; and memory weakness.   Tr. 20.   At step three, the ALJ found Plaintiff's impairments, did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).   Tr. 21.

The ALJ found that Plaintiff had the residual functional capacity to perform light work with several limitations. Tr. 23. In relevant part, the ALJ found that Plaintiff "is capable of frequent gross manipulation (i.e., handle, grasp, hold, turn objects)." Tr. 23. The ALJ also found that Plaintiff is capable of performing past relevant work as a cashier II and retail sales clerk. Tr. 27. Alternatively, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, a significant number of jobs exist in the national economy that he could perform, such as laundry worker and pricer/marker. Tr. 28. Thus, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the date of the application was filed through the date of the decision. Tr. 29.

The Appeals Council denied Plaintiff's request for review on March 2, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 6-9; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUE

Plaintiff contends that the ALJ erred by improperly evaluating the medical expert's opinions regarding Plaintiff's capacity to use his hands and thus his ability to sustain employment. ECF No. 15 at 8. While Plaintiff articulates three other issues, none of them were briefed with any specificity. *See* ECF No. 15 at 5.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1

DISCUSSION

2       Plaintiff contends that the ALJ erred by improperly evaluating the medical

3   expert's opinions regarding Plaintiff's capacity to use his hands and thus his ability

4   to sustain employment.  ECF No. 15 at 8.  Specifically, Plaintiff argues that the

5   ALJ gave controlling weight the opinion of testifying medical expert James W.

6   Lyons, M.D., yet Dr. Lyons opined Plaintiff could use his hands only on a

7   frequent-to-occasional basis, and Plaintiff's RFC indicated he could use his hands

8   frequently.  ECF No. 15 at 8.

9       At step four of the sequential process the ALJ determines whether, despite

10  Plaintiff's impairments, Plaintiff can still perform his past relevant work.  20 C.F.R.

11  § 404.1520(a)(4)(iv).   This determination is made by comparing the RFC

12  assessment with the physical and mental demands of Plaintiff's past relevant work.

13  *Id.* § 404.1520(f).  An RFC describes that which a claimant can still do despite his

14  or her physical limitations.   20 C.F.R. § 404.1545(a). The RFC is used to

15  determine the claimant's ability to engage in the various levels of work. 20 C.F.R.

16  § 404.1545(b).   The ALJ bears the ultimate responsibility for weighing the

17  evidence, determining physical limitations, and crafting the claimant's RFC.   20

18  C.F.R. § 404.1527(e)(1)-(2).

19      In determining the RFC, the ALJ considers "all of the relevant medical and

20  other evidence," including medical source opinions about functional abilities, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

descriptions and observations of limitations from the claimant, and "family, neighbors, friends, or other persons."   20 CFR 404.1545(a)(3).   The final determination of a claimant's ability to perform work is the province of the ALJ, and no special significance is to be given to a medical source opinion on issues reserved to the ALJ.  20 C.F.R. § 416.927(e); SSR 96-5p.

In this case, non-examining physician James W. Lyons, M.D., a retired orthopedic surgeon, testified at the hearing that Plaintiff "doesn't quite meet [Listing 1.04], but he comes close."  Tr. 514.  Dr. Lyons opined that Plaintiff would "not be able to do anything that required heavy lifting or repetitive lifting…."  Tr. 515.  Dr. Lyons agreed with the assessment of a light RFC: "lifting up to 20 pounds at a time, frequently lifting or carrying 10 pounds, stand or walk for six hours in an eight-hour day, sit for six hours in an eight-hour day," along with "unlimited push/pull with the upper extremities."  Tr. 515.

Dr. Lyons testified that Plaintiff's gross manipulation should be limited to frequent or occasional, but he did not opine which term was more applicable:

> Q.    And what about any limitations for gross manipulation, handling, I think there was some reference in the file to some issues with grip? Did you find those –
>
> A.    Yes.
>
> Q.    Substantiated?

> A.    Well, he does have carpal tunnel problem, and so, he might have trouble with that.
>
> Q.    And none of the doctors in the file gave any limitations. Would the limitation be for frequent or occasional? I'm assuming constant would be ruled out; if, if we are having problems with the upper extremities, that constant use would not be advisable; but what about frequent or occasional? Which would be best consistent [sic] to the record?
>
> A.    Well, probably frequent or occasional problems.  He, he has a hard time keeping a job, because his – he gets fired frequently because of his symptoms.

Tr. 516.

In this case, the ALJ included in Plaintiff's RFC that he "is capable of frequent gross manipulation (i.e., handle, grasp, hold, turn objects)."  Tr. 23.  The ALJ noted, in relevant part, that Dr. Lyons opined that Plaintiff would be unable to perform heavy or repetitive lifting, and he was capable of unlimited pushing and pulling of his upper extremities.  Tr. 26.  The ALJ also noted that Dr. Lyons "thought there was some evidence of potential limitations in the claimant's ability for gross manipulation due to carpal tunnel problems….  However, Dr. Lyons testified the claimant had the ability for frequent to occasional use of his upper extremities."  Tr. 26.

The ALJ asked vocational expert Jinnie Lawson to consider a hypothetical worker who, in pertinent part, had no limitations on push/pull within the lifting restrictions of the light work category, and could perform "frequent handling and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1   fingering, that is, gross manipulation with the upper extremities, grasping, holding,

2   and turning objects."  Tr. 540.  Ms. Lawson testified that the hypothetical worker

3   would be able to perform Plaintiff's past work of bakery line worker.  Tr. 540.

4        On cross-examination, Ms. Lawson was asked to consider a hypothetical

5   worker with the same limitations as explained by the ALJ, but who was limited to

6   occasional handling, fingering, and grasping.  Tr. 544.  Ms. Lawson testified that

7   such limitations would preclude all work in the national economy.  Tr. 544; 546.

8        First, Plaintiff's assertion that the ALJ gave "controlling weight" to Dr.

9   Lyon's testimony is not supported by the record.  ECF No. 15 at 8.  Instead, the

10  ALJ specified that Dr. Lyon's testimony was entitled to "great weight," based in

11  part upon the "consistency of his testimony" with "other treating and examining

12  opinions contained in the record."  Tr. 26.

13       The ALJ also gave weight to physician assistant Kelly Remy's opinion, who

14  examined Plaintiff and concluded his sole limitation was "no frequent bending

15  below waist," and thus cleared Plaintiff to perform food service work at the

16  correction center.  Tr. 27; 503-04.  Also, the ALJ gave weight to the opinion of

17  non-examining physician Debra Iannuzzi, M.D., who affirmed Plaintiff's RFC[1]

18  _____

19  [1]  The RFC was initially drafted by Jennifer Loweree on December 8, 2008.

20  Tr. 266-73.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

that indicated he had no manipulative limitations.  Tr. 26; 269; 478.  Moreover, non-examining physician Howard Platter, M.D., also found Plaintiff had no manipulative limitations.  Tr. 289.

Second, Plaintiff's theory of error is based upon the faulty premise that the ALJ was required to adopt an "occasional" gross manipulation limitation to include in Plaintiff's RFC.  Dr. Lyons did not testify as Plaintiff contends.  Instead, Dr. Lyons testified that Plaintiff was limited to "frequent to occasional" gross manipulation, and he did not indicate which term was more apt.  The ALJ's adoption of "frequent" limits on Plaintiff's gross manipulation was supported by the medical records, and reconciling conflicting testimony is within the province of the ALJ.  See 20 C.F.R. § 404.1545(a)(3).  As such, the ALJ did not err.

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 16) is

        **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** July 23, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12